IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE STAND 'N SEAL, PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1804<br>1:07-md-1804-TWT |
| HILMIJA DZEBIC,<br>  Plaintiff,<br>   v.<br>ROANOKE COMPANIES GROUP, INC. Individually and as Successor in Interest to Roanoke Companies Group, Inc. now known as BRTT, Inc., et al.,<br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:08-CV-553-TWT |

### ORDER

This is a personal injury action pending in this MDL proceeding in which about 200 personal injury actions are consolidated for pretrial proceedings. It is before the Court on the Defendant Roanoke's Motion for Summary Judgment on the Issue of Failure to Initiate Recall [MDL Doc. 2600] which is GRANTED.

I. Background

This MDL proceeding arises out of lawsuits filed by users of Stand 'n Seal "Spray-On" Grout Sealer. Stand 'n Seal is a consumer product used to seal ceramic tile grout in kitchens, bathrooms, and similar areas. The purported advantage of Stand 'n Seal is that users can easily stand and spray the sealant onto the grout without the strain of using a brush and manually applying the sealant. The Plaintiffs say that the problems with Stand 'n Seal began when the manufacturer changed its chemical components. Stand 'n Seal was originally manufactured with a fluoropolymer chemical known as Zonyl 225. But from April to May 2005, and again in July 2005, the manufacturer of Stand 'n Seal switched from Zonyl to a different fluoropolymer chemical known as Flexipel S-22WS. The Plaintiffs say that users of Stand 'n Seal immediately began experiencing respiratory problems, such as chemical pneumonitis, from exposure to Stand 'n Seal. By August 31, 2005, Stand 'n Seal with Flexipel was recalled.

As a result of their injuries, consumers all over the country filed lawsuits asserting various claims against each of the companies involved in the manufacture, distribution, and sale of Stand 'n Seal with Flexipel. On January 5, 2007, the Judicial Panel on Multidistrict Litigation transferred the federal lawsuits to this Court for

consolidated pretrial proceedings. The Defendant Roanoke contends that under Georgia law, it is not liable for failure to initiate a recall of the product.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant. Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

The Georgia Court of Appeals recently held in Ford Motor Co. v. Reese, 300 Ga.App. 82 (2009) that a manufacturer is not liable for negligence in failing to initiate a recall of defective products. In light of this decision, and the Plaintiff's apparent abandonment of this theory of liability, the Defendant's motion should be granted.

## IV. Conclusion

For the reasons set forth above, the Defendant Roanoke's Motion for Summary Judgment on the Issue of Failure to Initiate Recall [MDL Doc. 2600] is GRANTED.

SO ORDERED, this 24 day of May, 2010.

s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge
